**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME FEDERICO LOPEZ REYES, | No. 05-70129 |
| Petitioner, | Agency No. A029-283-504 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jaime Federico Lopez Reyes, a native and citizen of Guatemala, petitions
pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing
his appeal from an immigration judge's ("IJ") deportation order. We have
jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion whether the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

BIA has failed to provide a reasoned explanation for its actions. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

We reject Lopez Reyes's contention that the BIA abused its discretion by failing to articulate its reasoning where the BIA adopted and affirmed the IJ's oral decision pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), in addition to providing its own reasons for dismissing his appeal. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc) (holding that the BIA adopts the IJ's entire decision when it cites *Burbano* and expresses no disagreement with the IJ's decision).

We lack jurisdiction to review Lopez Reyes's contentions regarding his asylum claim, his motion for a continuance, and his adjustment of status application because he failed to raise them before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (generally requiring exhaustion of claims before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**